SANTINI FERTILIZER Co., Plaintiff and Appellant, *v.* FERNANDO GONZÁLEZ ET AL., Defendants and Appellees.

No. 4464. Argued February 13, 1929.—Decided June 19, 1929.

*Luis Muñoz Morales* and *E. Rincón Plumey* for the appellant. *González Fagundo & González Jr., Arturo Aponte* and *Luis Perejo Jr.* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Santini Fertilizer Company brought an action against Fernando González for the recovery of money in the District Court of San Juan, and attached whatever right, title or interest the defendant might have in a parcel of land (or in an undivided one-half interest therein) of record in the name of defendant's wife, Rosa Pedraza de González, and in eighty acres of cane growing thereon. Later plaintiff brought suit. in the District Court of Humacao against Fernando González, Petronila González Pedraza, Antonio González and Central. Pasto Viejo, Inc., for an injunction to restrain the cutting, delivery, and grinding of the cane in question, and to prevent delivery of the proceeds to Petronila González. The District Court of Humacao issued and subsequently dissolved a temporary restraining order.

The motion to dissolve the restraining order seems to have been submitted upon evidence already adduced by the parties, but the record before us does not contain a statement of the case or a stenographic transcript. An affirmance or a dismissal would be justified upon this ground alone, but the case

has been submitted upon its merits and we shall dispose of the contentions upon which most stress is laid by counsel for appellant. These are in substance that the court below erred in considering the question of title to the cane in the absence of any issue upon this point because of the failure to show that any claim of ownership had been made in the District Court of San Juan; that a certain deed of conveyance of fifty-four *cuerdas* of cane, dated February 7, 1927, executed by Josefa B. González, and a contract for agricultural advances of November 15, 1926, do not establish the fact of ownership because they were entered into after the caveat had been recorded in the registry of property on July 7, 1926; that the cases of *Succession of Pérez* v. *Márquez,* 19 P.R.R. 692, *Martínez et al.* v. *Soto,* 32 P.R.R. 559, and *Trujillo, Mercado & Co.* v. *Rodríguez,* 16 P.R.R. 120, cited by the district judge, are not in point; and that the court below also erred in holding that no irreparable injury was alleged or shown.

From the brief of appellant we gather that defendants had introduced in evidence two deeds executed in 1917 tending to show that the land attached by the Fertilizer Company was the separate property of the wife, Rosa González, and that these deeds had been duly recorded in the registry of property after the entry of a cautionary notice of attachment but before the institution of the injunction proceeding. The attached property was therefore of record in the name of the wife as her separate property when the petition for an injunction was filed. This was more than enough to offset any presumption as to the community character of the real estate already recorded in the name of the wife.

From a certificate in narrative form issued at the instance of plaintiff by the clerk of the District Court of San Juan it appears that, before the filing of the petition for an injunction, Rosa and Demetria Pedraza had presented in the District Court of San Juan their claim as owners of the one hundred and sixty-one acres of land attached in the original action. The growing cane had been attached as a part of the

real estate. The theory of the attachment was that the defendant Fernando González had an interest in the land recorded in the name of his wife, Rosa Pedraza. This theory rested entirely upon the presumption as to the community character of that property. The attachment did not affect the wife's title to her separate property nor create any lien thereon.

It is quite conceivable that Fernando González may have had some interest in the cane grown upon the separate property of his wife, but the burden was upon petitioner in the injunction proceeding to show this. The presumption that the cane was community property disappeared with the presumption as to the community character of the land. It then devolved upon petitioner to establish some other ground for equitable relief. The district court therefore did not err in refusing the injunction and in vacating the restraining order, nor in basing its action upon the cases cited.

We also concur in the conclusion of the district judge as to the absence of anything to show irreparable injury. If the lands should later prove to be community property, as claimed by petitioner, there is nothing to show that the husband's interest therein would not suffice to satisfy the judgment in the original action. Nor is there anything to show that respondents in the injunction proceeding are insolvent or unable to respond in damages for any wrongful disposition that may be made of the attached property or of its proceeds.

The judgment appealed from must be affirmed.